UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 MAR 19 PM 3:25

FILED

| UNITED STATES OF AMERICA, | § | CRIMINAL NO. A15CR0073 LY |
| --- | --- | --- |
| v. | § | INFORMATION |
| JOSE CARMEN ALVARADO-SALINAS | § | [COUNT ONE: Visa Fraud, 18 USC § 1546; COUNT TWO: Mail Fraud, 18 U.S.C. § 1341] |

**THE ATTORNEY GENERAL CHARGES:**

At All Times Material To This Indictment:

1. JOSE CARMEN ALVARADO-SALINAS was the president and operator of La Costenita Distribuidor, Inc., an ice cream distribution business located in Austin, Texas. La Costenita Distribuidor, Inc. sent dozens of employees with refrigerated push-carts to sell frozen desserts throughout the greater-Austin area.

2. Beginning in 2010 and continuing through 2014, JOSE CARMEN ALVARADO-SALINAS utilized the H-2B visa program, further described in detail below, to bring in workers from Mexico to the United States for the purpose of selling ice cream popsicles. In 2014 alone JOSE CARMEN ALVARADO-SALINAS applied for and received sixty-five H-2B visas. As part of that program, each year JOSE CARMEN ALVARADO-SALINAS agreed in a statement submitted to the U.S. Government and signed under penalty of perjury that he would pay the H-2B visa employees the "prevailing wage" as calculated by the U.S. Department of Labor for each year he utilized the H-2B visa program. The prevailing wage for the years in question was as follows:

    b.    2013: $8.10 per hour.

c.   2014: $11.14 per hour.

3.   In 2014 JOSE CARMEN ALVARADO-SALINAS did not pay his H-2B visa employees the prevailing wage by hourly rate. In fact, JOSE CARMEN ALVARADO-SALINAS paid his employees a commission for all of their popsicle sales—the H-2B visa employees were never paid an hourly wage nor were they guaranteed a salary equal to the hourly wage rate agreed to by JOSE CARMEN ALVARADO-SALINAS. JOSE CARMEN ALVARADO-SALINAS knew he was going to pay the employees a commission-based compensation when he falsely signed and submitted the forms, described in detail below, to the U.S. Government. Additionally, JOSE CARMEN ALVARADO-SALINAS sent his H-2B visa employees to sell popsicles in Dallas, Texas, a location he did not include in his H-2B visa application.

4.   In 2014, the H-2B visa employees worked between eight to twelve hours, six days a week. While the H-2B workers could earn in excess of $200 on a day when they had a high sales volume, their daily salary averaged from approximately $60 to $90 a day.

5.   JOSE CARMEN ALVARADO-SALINAS created a false record showing that each H-2B visa employee was working forty hours or less per week then issued a check to each H-2B visa employee as if they were being paid $11.14 per hour for the amount of hours JOSE CARMEN ALVARADO-SALINAS wrote in the record. JOSE CARMEN ALVARADO-SALINAS then had each employee cash the check and return the cash to JOSE CARMEN ALVARADO-SALINAS. JOSE CARMEN ALVARADO-SALINAS paid the H-2B visa employees his or her true salary in cash based on the commission scheme JOSE CARMEN ALVARADO-SALINAS had set up. JOSE CARMEN ALVARADO-SALINAS told the workers they would not be paid the prevailing wage, but that he would pay them a commission-based wage. However, because of this scheme, JOSE CARMEN ALVARADO-SALINAS paid his workers at least $100,000

less than the prevailing wage, the wage that he had promised the government he would pay the workers in his H-2B visa filings.

6. **The H-2B Visa Program:**

An H-2B visa is a specific type of non-immigrant visa that allows U.S. employers to hire alien workers for temporary, non-agricultural jobs. Obtaining an H-2B visa requires a four-step process:

    a.    First, an employer must apply for temporary labor certification from the U.S. Department of Labor ("DOL"), and to do so, must file an Application for Temporary Employment Certification ("Form ETA 9142B"). In the application, the employer must provide certain information relating to the job it intends to fill with foreign labor and must certify that the job opportunity had been, and was at the time of the filing, clearly open to any qualified U.S. worker. The employer must further sign Form ETA 9142B under penalty of perjury, attesting that the petition and the evidence submitted therewith is true and correct.

    b.    Second, once DOL certifies Form ETA 9142B, the employer must file a "Petition for Nonimmigrant Worker" ("I-129 Petition") with United States Citizen and Immigration Services (USCIS). On the I-129 Petition, the employer must again provide information relating to the job, such as the wage each employee will receive per week, as well as information relating to its company, such as its annual income and current number of employees. Like Form ETA 9142B, the employer must sign the I-129 Petition under the penalty of perjury. After USCIS approves the employer's I-129 Petition, USCIS will generate a Notice of Action, commonly referred to as "Form I-797," and mail copies to the employer and to the appropriate U.S. Embassy or Consulate abroad.

c.  Third, any aliens under the employer's I-129 Petition are required to submit a Nonimmigrant Visa Application ("Form DS-156") and be interviewed by a U.S. State Department Consular Officer during which they must demonstrate strong ties to their home countries and prove having non-immigrant intent. If the aliens make a showing to the satisfaction of the Consular Officer, visas will be prepared for them at the Embassy or Consulate and affixed to their passports.

d.  Finally, after the aliens receive their H-2B visas, they are permitted to apply for entry into the United States with U.S. Customs and Border Protection, and if granted entry, work for the petitioning employer. If, however, an alien granted a H-2B visa does not work for the petitioning employer, or does not return to his or her home country at the expiration of their visa, that alien is out of status and in violation of the immigration laws of the United States.

## COUNT ONE
[18 U.S.C. § 1546]

7.  Incorporating paragraphs One through Six, from on or about February 2013 to on or about October 2014, in the Western District of Texas, the Defendant,

JOSE CARMEN ALVARADO-SALINAS,

Did knowingly subscribe as true under penalty of perjury under 28 U.S.C. Section 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, to wit, in every Form ETA 9142B and I-129 Petition signed and sworn to by the Defendant he agreed to pay the prevailing wage as determined by the Department of Labor, which statement the defendant then and there knew was false.

8.  The false petitions included those for:

| Count | YEAR | WORKERS REQUESTED | FORM ETA 9142B NUMBER | I-129 PETITION NUMBER |
|---|---|---|---|---|
| 1 | 2014 | 65 | 2014-H-400-14013-318329 | EAC-14-082-52249 |

9. All in violation of Section 1546 of Title 18 of the United States Code.

## COUNT TWO
[18 U.S.C. § 1341]

10. Incorporating paragraphs One through Six, from on or about February 2013 to on or about October 2014, in the Western District of Texas, Defendant,

JOSE CARMEN ALVARADO-SALINAS,

with intent to defraud, devised the above-described scheme and artifice to defraud and obtain property by material false and fraudulent pretenses, representations, and promises.

11. On or about the dates detailed below, for the purpose of executing the above-described scheme and artifice to defraud and deprive, Defendant knowingly caused to be delivered by U.S. Postal Service mail the following matters:

**Count Two:** I-129 Petition to USCIS Vermont Service Center received on January 30, 2014.

12. All in violation of Section 1341 of Title 18 of the United States Code.

RICHARD L. DURBIN, JR.
ACTING UNITED STATES ATTORNEY

BY: _____
MICHAEL C. GALDO
Assistant United States Attorney